UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

v.                                              No. 3:16-CR-30012-004

LARISSA ANNE PITTS                                                                                          DEFENDANT

## OPINION AND ORDER

Before the Court is Defendant Larissa Anne Pitts's motion for early termination of supervised release (Doc. 148). The Government filed a response in opposition (Doc. 150). The motion will be denied.

Ms. Pitts's motion concerns sentences that she is currently serving in two separate federal criminal cases. In case number 3:16-CR-30012-004, Ms. Pitts was convicted by guilty plea on two counts of Use of a Communication Facility to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 843(b). She was sentenced to serve two concurrent terms of imprisonment for 48 months on those counts. (Doc. 134, p. 2). Meanwhile, in case number 3:17-CR-30015-001, Ms. Pitts was convicted by guilty plea on one count of Failure to Appear at Sentencing in violation of 18 U.S.C. § 3146(a)(1). She was sentenced to serve 12 months of imprisonment on that count. *Id.* Both of these sentences were imposed by this Court on May 16, 2018. Her 12-month term of imprisonment in 3:17-CR-30015 was ordered to run consecutively to her 48-month term in 3:16-CR-30012. *Id.* One year of supervised release was imposed as to each count of conviction, with all three terms of supervised release to run concurrently. *Id.* at 3. To summarize, Ms. Pitts's effective aggregate sentence across all counts of conviction in both cases was: 48 months of imprisonment, followed by 12 months of imprisonment, followed by 1 year of supervised release.

Ms. Pitts was released from the Bureau of Prisons on January 14, 2022, at which time she began serving her term of supervised release. She filed her instant motion on April 18, 2022, requesting that she be given 11 months and 17 days of credit towards her term of supervised release. She asserts that she was "impacted by the [F]irst [S]tep [A]ct," which caused her to have "over served" her time of imprisonment by the requested amount. *See* Doc. 148, p. 1. The Court is unable to verify Ms. Pitts's claims, but notes that the First Step Act's reforms to federal time credit calculation methods were enacted after she began serving her term of imprisonment. The Court will assume for purposes of her motion that this sequence of events indeed resulted in Ms. Pitts being imprisoned for 11 months and 17 days longer than she would have been if she had received the full benefit of the First Step Act's federal time credit reforms. Her motion must nevertheless be denied.

The judgment in Ms. Pitts's criminal cases ordered that her term of supervised release must begin "[u]pon release from imprisonment." *See* Doc. 134, p. 3. Her sentence is consistent with the governing statute, which provides that "[t]he term of supervised release commences on the day the person is released from imprisonment . . . ." 18 U.S.C. § 3624(e). The United States Supreme Court held in *United States v. Johnson* that this language means a defendant's term of supervised release must begin running on the date of her *actual* release from prison rather than on the date when she *should have* been released from prison—even if she is found to have served a longer term of imprisonment than was lawful. *See* 529 U.S. 53, 57–59 (2000). In other words, and unfortunately for Ms. Pitts, the service of excess prison time ordinarily cannot be credited to a defendant's supervised release term to reduce its length. *See id.* at 54.

There is a limited but significant exception to this principle, which is that a federal district court generally has the authority to "terminate a term of supervised release and discharge the

defendant released at any time after the expiration of one year of supervised release" if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).  Recognizing this exception, the *Johnson* Court noted "[t]here can be no doubt that equitable considerations of great weight exist when an individual is incarcerated beyond the proper expiration of [her] prison term." *Id.* at 60.  Accordingly, it urged that such facts may properly be taken into account when a district court is considering whether to terminate a defendant's term of supervision early under § 3583(e)(1).  *See id.*  However, by the statute's own terms, relief under § 3583(e)(1) may only be awarded after a defendant has served "one year of supervised release."  Because Ms. Pitts was only sentenced to serve one year of supervised release, *see* Doc. 134, p. 3, it will be impossible for her to qualify for such relief before her term of supervision expires.  Neither Ms. Pitts nor the Government has pointed to any provision in the First Step Act that overrides this statutory limitation, and the Court is not independently aware of one.

      IT IS THEREFORE ORDERED that Defendant's motion (Doc. 148) is DENIED.

      IT IS SO ORDERED on this 26th day of April, 2022.

                                                               /s/ P. K. Holmes, III
                                                              P.K. HOLMES, III
                                                              U.S. DISTRICT JUDGE